FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 28, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL D. ROSCO and BONNIE R. ROSCO, | NO: 2:18-CV-240-RMP |
| Plaintiffs, | ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING DEFENDANTS' MOTIONS FOR PRE-FILING INJUNCTION |
| v. | |
| MONTOMERY PURDUE BLANKINSHIP & AUSTIN, PLLC; SCHUCKIT & ASSOCIATES, PC; TRANSUNION, LLC; SCOTT BRADY; EXPERIAN INFORMATION SOLUTIONS, INC.; and FIRST BANK MORTGAGE, | |
| Defendants. | |

BEFORE THE COURT are Defendants' Motions to Dismiss, ECF Nos. 8, 9,

10, 13, & 19. Defendants Montgomery Purdue Blankinship & Austin, PLLC

("Montgomery Purdue"), Schuckit & Associates, P.C. ("Schuckit"), Trans Union,

LLC ("Trans Union"), Scott Brady, Experian Information Solutions, Inc.

("Experian"), and First Bank Mortgage ("First Bank") (collectively, "Defendants")

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING
DEFENDANTS' MOTIONS FOR PRE-FILING INJUNCTION ~ 1

move this Court to dismiss the complaint filed by *pro se* Plaintiffs Russell D. Rosco

and Bonnie R. Rosco (collectively, "Plaintiffs").  Defendants also ask this Court to

impose a pre-filing injunction on Plaintiffs to prevent them from filing lawsuits

against Defendants in the future.  The Court has considered the parties' arguments

and the record, and is fully informed.

## BACKGROUND

The present case is the latest in a long line of litigation history between

Plaintiffs and Defendants, all concerning Defendants' involvement in the credit

reporting of Plaintiffs' credit accounts several years ago.  First, Plaintiff Russell

Rosco sued Defendant Trans Union in the Northern District of Indiana.  *Rosco v.

TransUnion*, No. 1:14-cv-00138-TLS-RBC (N.D. Ind. May 6, 2014) ("the 2014

case").  In that case, Mr. Rosco alleged that Trans Union failed to provide him with

certain information on his credit accounts, as required by the Fair Credit Reporting

Act ("FCRA").  *Id.* ECF No. 4.  Trans Union and Mr. Rosco settled, and the case

was dismissed with prejudice.  *Id.* ECF No. 31.

After the first case resolved, Plaintiffs sued Defendants Experian, First Bank,

and Trans Union, among others, before this Court.  *Rosco v. Equifax Info. Servs.*,

No. 1:15-cv-00325-RMP (E.D. Wash. Nov. 25, 2015) ("the 2015 case").  In that

case, Plaintiffs accused Experian, First Bank, and Trans Union of illegal credit

reporting actions under the FCRA.  *Id.* ECF No. 1.  This Court dismissed Experian

from the 2015 case by granting its motion for summary judgment.  *Id.* ECF No. 276.

First Bank was dismissed for Plaintiffs' failure to complete proper service of process. *Id.* ECF No. 291. Plaintiffs and Trans Union settled, with the Court enforcing the settlement agreement and dismissing Trans Union from the case. *Id.* ECF No. 186. However, Plaintiffs opposed Trans Union's motion to enforce the settlement, filed a motion for reconsideration of the order enforcing the settlement, and filed a motion to rescind the order enforcing the settlement. *Id.* ECF Nos. 187 & 289. The Court denied all of Plaintiffs' motions. *Id.* ECF Nos. 195 & 290.

Apparently dissatisfied with the Court's resolution of the 2015 case, Plaintiffs filed another lawsuit in Spokane County Superior Court against Montgomery Purdue, Schuckit, and Trans Union. *Rosco v. Montgomery, Purdue, Blankenship & Austin, PLLC*, No. 2:17-cv-086-RMP (E.D. Wash. Mar. 6, 2017) ("the 2017 case"). In this case, Plaintiffs alleged that Defendants violated the Gramm-Leach-Bliley Act ("GLBA") and the Washington Consumer Protection Act ("WCPA") with their handling of Plaintiffs' credit reporting; the same alleged conduct that supported the previous two lawsuits. *Id.* ECF No. 1-2. Montgomery Purdue, Schuckit, and Trans Union removed the case to this Court, *Id.* ECF No. 1, and jointly moved to dismiss the Plaintiffs' complaint. *Id.* ECF No. 7. The Court granted the motion and dismissed the three defendants, finding Plaintiffs' case was "simply a vexatious attempt to harass Defendants as a result of this Court's rulings in Defendants' favor in [the prior case]." *Id.* ECF No. 12.

Montgomery Purdue, Schuckit, and Trans Union also jointly moved for Rule 11 sanctions and a pre-filing injunction against Plaintiffs. *Montgomery, Purdue, Blankenship & Austin, PLLC*, No. 2:17-cv-086-RMP ECF No. 13. The three defendants argued that Plaintiffs' complaint was baseless, frivolous, and lacked legal and factual support. *Id.* This Court granted the three defendants' motion in part by imposing Rule 11 sanctions but denying a pre-filing injunction. *See Rosco v. Transunion, LLC*, No. 2:17-CV-86-RMP, 2018 WL 1692937 (E.D. Wash. Jan. 8, 2018).

Despite this Court's warnings to Plaintiffs on the consequences of filing baseless and frivolous lawsuits and imposing Rule 11 sanctions against Plaintiffs in the 2017 case, Plaintiffs filed this present case in Spokane County Superior Court against the same Defendants. ECF No. 1-1. Plaintiffs now argue that Defendants are liable for defamation because they said Plaintiffs were frivolous filers and had no basis for their prior lawsuits in documents filed with the Court. *Id.* Plaintiffs also argue that their settlements with Trans Union are unenforceable. *Id.* Defendants removed this case to this Court. ECF No. 1. Thereafter, Defendants filed the present motions to dismiss, asking this Court to dismiss the Plaintiffs' claims and impose a pre-filing injunction. ECF Nos. 8, 9, 10, 13, & 19.

## LEGAL STANDARD

A plaintiff's claim will be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss

under Rule 12(b)(6), the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible when the plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a Rule 12(b)(6) motion to dismiss, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required, however, to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam) (internal quotation omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

## DISCUSSION

### Subject Matter Jurisdiction

The Court has an obligation to determine whether it has subject matter jurisdiction over a case before ruling on the merits. *See, e.g.*, *Kontrick v. Ryan*, 540 U.S. 443, 455 (2004) (holding that courts have an obligation to raise subject matter jurisdiction issues *sua sponte*). Because this case is presented to the Court under an

exception to the Anti-Injunction Act, 28 U.S.C. § 2283, the Court considers its jurisdiction over this matter. ECF No. 1 at 2.

The Anti-Injunction Act prohibits a federal court from granting injunctions or staying state court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The third of these exceptions, called the relitigation exception, allows a federal court to prevent state-court relitigation of issues already decided by the federal court in order to protect its original judgment. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). Federal courts may enjoin an attempt at relitigation in a state court even when the federal courts would not have original jurisdiction over the case because federal courts may exercise ancillary jurisdiction over the new action, dependent on the federal jurisdiction from the original action. *See Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934); *see also Thomas, Head and Greisen Emps. Trust v. Buster*, 95 F.3d 1449, 1453 (9th Cir. 1996) (holding that federal courts may assert jurisdiction over non-federal claims to protect their prior judgments). "The proceeding being ancillary and dependent, the jurisdiction of the court follows that of the original cause, and may be maintained without regard to the citizenship of the parties or the amount involved." *Local Loan*, 292 U.S. at 239.

Additionally, the Court can maintain supplemental jurisdiction over claims not previously litigated before the Court. Supplemental jurisdiction is present when

nonfederal claims "are so related to claims in the action within such original

jurisdiction that they form part of the same case or controversy under Article III of

the United States Constitution." 28 U.S.C. § 1367(a). Nonfederal claims are part of

the same case when they "derive from a common nucleus of operative fact and are

such that a plaintiff would ordinarily be expected to try them in one judicial

proceeding." *Trs. Of Constr. Indus. And Laborers Health & Welfare Tr. v. Desert*

*Valley Landscape & Maintenance, Inc.*, 333 F.3d 923, 924–25 (9th Cir. 2003)

(internal quotations and citations omitted).

Plaintiffs make three types of claims in this case. ECF No. 1-1 at 13–22.

First, they claim all Defendants are liable for defamation based on statements made

in previous cases. *Id.* Second, they allege Trans Union published their private

information, which is a state law tort claim. *Id.* Third, they claim that the settlement

agreements reached with Trans Union and Experian are void for various contractual

reasons. *Id.* Without any federal claims or facts alleged supporting diversity of

citizenship between the parties, the Court does not have original jurisdiction over the

present action. 28 U.S.C. §§ 1331 & 1332. However, Plaintiffs' publication of

private information and settlement claims directly attack the prior judgments of this

Court. *See* ECF No. 1-1. The Court had original jurisdiction over the previous two

cases between these parties because Plaintiffs asserted federal claims in those cases,

giving this Court federal question jurisdiction over the present case as it relates to

attacking the settlements reached in those cases and the publication of private

information claims. *Local Loan Co.*, 292 U.S. at 239. The previous cases concerned Defendants' disclosure of Plaintiffs' credit account information, which would be the same as the publication of private information claim. The previous cases also ended in settlement agreements with Trans Union. Therefore, the Court has ancillary jurisdiction over this case because this case is an attempt to relitigate cases previously heard by this Court.

However, the defamation claims are not an attempt to relitigate the previous cases between the parties. The defamation claims are based on statements Defendants allegedly made in the previous cases. *See* ECF No. 1-1 at 14 (first defamation claim for describing Plaintiffs as "frivolous filers"); 20 (second defamation claim for stating that Plaintiffs had no basis to file any of the previous lawsuits). These claims do not attack the Court's prior judgments; rather, they make new claims based on the parties' statements in those prior cases. The Court does not have jurisdiction over the defamation claims.

The Court dismisses the defamation claims without prejudice.

### Plaintiffs' Failure to Respond to the Motions to Dismiss

Defendants filed five motions to dismiss. ECF Nos. 8, 9, 10, 13, & 19. Instead of responding to any of them, Plaintiffs filed a motion to remand, asking this Court to send this case back to state court. ECF No. 18.

The Eastern District of Washington's Local Civil Rules govern parties' motion practice. *See* LCivR 7. When a party files a non-dispositive motion, the

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING DEFENDANTS' MOTIONS FOR PRE-FILING INJUNCTION ~ 8

non-moving party has 21 days to respond to the motion if the non-moving party is a *pro se* litigant. LCivR 7(c)(2)(A). A party's failure to comply with this deadline "may be deemed consent to the entry of an order adverse to the party." LCivR 7(e).

Plaintiffs did respond to some of Defendants' substantive arguments in their motion to remand. ECF No 18 at 17 (responding to Defendants' arguments that their statements were privileged and thus not defamatory). However, most of Plaintiffs' motion is spent arguing why this Court should remand this action to state court. *See* ECF No. 18. Plaintiffs failed to respond to a number of arguments made by Defendants regarding res judicata, unjust enrichment, publication of private data, federal preclusion by the Fair Credit Reporting Act ("FCRA"), and service of process. *Id.*

Courts should follow a "policy of liberal construction in favor of pro se litigants." *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998). Accordingly, courts tolerate certain informalities from *pro se* plaintiffs. *Id.* But the Plaintiffs here are no ordinary *pro se* litigants. The current action by Plaintiffs marks the fourth time Plaintiffs have sued these Defendants over credit reporting, and the third time Plaintiffs' cases have reached this district. *Rosco v. Trans Union*, No. 1:14-cv-00138 (N.D. Ind. May 6, 2014); *Rosco v. Equifax Info. Servs.*, No. 1:15-cv-00325-RMP (E.D. Wash. Nov. 25, 2015); *Rosco v. Montgomery, Purdue, Blankenship & Austin, PLLC*, No. 2:17-cv-086-RMP (E.D. Wash. Mar. 6, 2017). At this point, Plaintiffs should be well versed in the rules of motion practice before a federal court.

1    For these reasons, the Court finds that Plaintiffs' failure to respond to

2    Defendants' substantive arguments in their five motions to dismiss in a timely

3    matters constitutes a waiver of their right to respond to Defendants' arguments.

4    However, the Court will analyze the substance of Defendants' arguments to establish

5    a full record for any potential appellate review.

6    ***Res Judicata***

7    Defendants claim several of Plaintiffs' claims are barred by res judicata

8    because of Plaintiffs' prior cases against Defendants. ECF No. 8 at 9–13; ECF No.

9    13 at 8–12; ECF No. 19 at 11–12. They argue that Plaintiffs' claims all arise out of

10   the same conduct that Plaintiffs raised in their earlier suits: the reporting of the First

11   Bank Mortgage loan through Trans Union, and the effect that this reporting has had

12   on the Plaintiffs. ECF No. 19 at 11–12.

13   Res judiciata prevents parties from litigating claims that were raised or could

14   have been raised in a prior action between the parties. *W. Radio Servs. Co., Inc. v.*

15   *Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). For the doctrine to apply and bar

16   the new claims, the moving party must prove that (1) the claims are identical, or the

17   claims could have been raised in the prior action; (2) there was a final judgment on

18   the merits; and (3) the same parties are involved. *Owens v. Kaiser Found. Health*

19   *Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001).

20   Defendants argue that res judicata applies to all of Plaintiffs' claims. ECF No.

21   8 at 9. In the 2015 case, Plaintiffs alleged that Defendants Trans Union, Experian,

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING
DEFENDANTS' MOTIONS FOR PRE-FILING INJUNCTION ~ 10

and First Bank, violated the FCRA by providing third parties with access to Plaintiffs' credit information. *See Equifax Info. Servs.*, No. 1:15-cv-00325-RMP. In the 2017 case, Plaintiffs alleged that Defendants Montgomery Purdue, Schuckit, and Trans Union violated the GLBA and WCPA by allowing third parties access to Plaintiffs' credit information. *See Montgomery, Purdue, Blankenship & Austin, PLLC*, No. 2:17-cv-086-RMP.

### A. Publication of Private Data

Plaintiffs claim that Defendant Trans Union published the private data of Plaintiff Russell Rosco in a court document. ECF No. 1-1 at 21.

The first res judicata factor is that the claims in the current and prior cases are the same, or the prior case is related to this claim such that this claim should have been brought in the prior case. *Owens*, 244 F.3d at 713. This first element asks whether the two cases arise out of the same transactional nucleus of facts. *Frank v. United Airlines, Inc.*, 216 F.3d. 845, 851 (9th Cir. 2000). The plaintiff does not need to bring identically-named claims to meet this element; claims are identical when the same facts or events support the two claims. *Owens*, 244 F.3d at 714.

While the Plaintiffs have never filed this specific claim against Trans Union, they filed a similar claim in Plaintiffs' most recent case against Trans Union. *Montgomery, Purdue, Blankenship & Austin, PLLC*, No. 2:17-cv-086-RMP ECF No. 1-2. In the 2017 case, Plaintiffs claimed that Trans Union, among others, filed certain documents in the 2015 case that published Plaintiffs' private information on

the court docket.  *Id.*  In the current case, Plaintiffs claim that "Trans Union published the current accounts of Russell D. Rosco in court document [*sic*]."  ECF No. 1-1 at 22.  While the 2017 complaint claims Trans Union violated the GLBA, and the current complaint claims Trans Union committed a state tort, the claims are identical because they are based on the same underlying conduct.  Therefore, the Court finds that the first res judicata element is met as to Plaintiffs' publication of private information claim against Trans Union.

The second res judicata element is that there was a final judgment on the merits in the previous case.  *Owens*, 244 F.3d at 713.  In the 2017 case, the Court granted Trans Union's motion to dismiss for failure to state a claim.  *Montgomery, Purdue, Blankenship & Austin, PLLC*, No. 2:17-cv-086-RMP ECF No. 12.  The Court did not give leave to amend.  *Id.*  This is a final judgment on the merits for the purposes of res judicata.  Therefore, the Court finds that the second res judicata element is met.

The third res judicata element is identity or privity between the parties.  *Owens*, 244 F.3d at 713.  The parties here are identical to the Plaintiffs' 2017 case against Trans Union.  Therefore, the Court finds that the third res judicata element is met.

As to Plaintiffs' publication of private data claim against Trans Union, the Court finds that res judicata applies.  Therefore, the Court dismisses Plaintiffs' publication of private data claim against Trans Union.

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING DEFENDANTS' MOTIONS FOR PRE-FILING INJUNCTION ~ 12

### B. Claims Regarding Trans Union Settlement

Plaintiffs make several claims against Trans Union based on the settlements between the parties from the 2015 and 2014 cases. ECF No. 1-1 at 17–19. For various reasons, Plaintiffs claim that the settlement agreements are unfair, that Trans Union has failed to uphold its end of the settlement agreements, and that agreements are unenforceable as a result. *Id.*

The Court revisits the res judicata elements. *Owens*, 244 F.3d at 714. First, Plaintiffs have made these same claims previously. In the 2015 case, Plaintiffs claimed several times that the settlement agreement from that case was unenforceable. *See Equifax Info. Servs.*, No. 1:15-cv-00325-RMP ECF Nos. 161 (Plaintiffs' opposition to enforcement of the settlement agreement); 187 (Plaintiffs' motion to reconsider the order granting enforcement of the settlement agreement); 289 (Plaintiffs' motion to rescind the settlement agreement). In each of these motions, Plaintiffs used the same arguments that they bring in the present complaint, such as unjust enrichment or unfair confidentiality of the agreement. *Id.* Additionally, if Plaintiffs disagreed with the settlement agreement from the 2014 case, Plaintiffs should have challenged the settlement in the 2015 case, or even the 2017 case. *See Frank*, 216 F.3d. at 851 (holding that res judicata applies to claims that brought or could have been brought under the same nucleus of facts). Thus, the Court concludes that Plaintiffs have made these same claims about both settlement claims before. The first element of res judicata is met.

Second, there were several separate final judgments on the enforceability of the settlement agreements. Each time that the Plaintiffs tried to convince the Court that the settlements were unjust, the Court rejected Plaintiffs' arguments. *See Equifax Info. Servs.*, No. 1:15-cv-00325-RMP ECF Nos. 186 (order granting motion to enforce the settlement agreement); 195 (order denying motion for reconsideration); 290 (order denying motion to rescind). Plaintiffs present the same failed arguments once again. The Court finds the second res judicata element is met.

Third, the parties are identical. This is not disputed. Thus, the Court finds that all three res judicata elements apply to the unjust enrichment claims against Trans Union. All claims regarding the settlements against Trans Union are dismissed as barred by res judicata.

### Settlement Claims against Experian

Plaintiffs claim that their settlement agreement with Experian is unjust enrichment. ECF No. 21 at 1-1. In response, Experian argues that there is no settlement agreement between Plaintiffs and Experian. ECF No. 13 at 13.

By arguing that there is no settlement agreement between the parties, Experian asks this Court to consider evidence outside of the record. As a general rule, a district court must convert a Rule 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56 when it considers evidence outside of the pleadings, and the nonmoving party must be given an opportunity to respond to the motion after it has been converted to a summary judgment motion. *United States v.*

*Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003).  However, courts may consider matters suitable for judicial notice without converting a Rule 12(b)(6) motion into a motion for summary judgment.  "A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment."  *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001).  "The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).

Here, it is a matter of public record that Experian was involved in only one prior case with the Roscos: the 2015 case.  *See Equifax Info. Servs.*, No. 1:15-cv-00325-RMP.  The Court, therefore, takes judicial notice of that docket because it is not subject to reasonable dispute and the docket is both generally known in the jurisdiction and is accurately and readily determined.  Fed. R. Evid. 201(b).  In the 2015 case, this Court granted Experian's motion for summary judgment and entered judgment in favor of Experian.  *See Equifax Info. Servs.*, No. 1:15-cv-00325-RMP ECF Nos. 276 & 277.  There is no record of a settlement between Experian and Plaintiffs.  Therefore, the Court dismisses Plaintiffs' claims against Experian regarding the alleged settlement.

/ / /

/ / /

### Leave to Amend

If a complaint fails to state a claim upon which relief may be granted, a district court should dismiss that complaint with leave to amend, unless amendment would be futile. *See Carrico v. City and Cty. of S.F.*, 656 F.3d 1002, 1008 (9th Cir. 2011). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). If no facts consistent with the pleading could cure the deficiencies of the complaint, a district court can deny leave to amend and dismiss the claims with prejudice. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 659 (9th Cir. 1992) (holding that district court did not abuse discretion in denying leave to amend when no facts consistent with the complaint could save plaintiff's claims).

There are no additional facts that Plaintiffs could plead to support their claims. Plaintiffs' most recent complaint is a part of a long line of vexatious litigation by Plaintiffs regarding Defendants' role in credit reporting that occurred years ago. Thus, the Court will not grant leave to amend. The claims are dismissed with prejudice.

/ / /

/ / /

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS AND DENYING DEFENDANTS' MOTIONS FOR PRE-FILING INJUNCTION ~ 16

1    ***Pre-Filing Injunction***

2      Defendants ask this Court to issue a pre-filing injunction against Plaintiffs.

3 ECF No. 8 at 16–18; ECF No. 9 at 12; ECF No. 10 at 12–14.

4      The All Writs Act, 28 U.S.C. § 1651(a), provides district courts with the

5 inherent power to enter pre-filing orders against vexatious litigants. *See Molski v.*

6 *Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007). "Federal courts

7 can 'regulate the activities of abusive litigants by imposing carefully tailored

8 restrictions under . . . appropriate circumstances.'" *Ringgold-Lockhart v. Cty. of*

9 *L.A.*, 761 F.3d 1057, 1061 (9th Cir. 2014) (*quoting De Long v. Hennessey*, 912

10 F.2d 1144, 1147 (9th Cir. 1990)). Such restrictions are extreme remedies and, if

11 imposed in undue haste, may infringe upon the fundamental Constitutional right of

12 access to the courts. *Molski*, 500 F.3d at 1057. For these reasons, "'pre-filing

13 orders should rarely be filed,' and only if courts comply with certain procedural

14 and substantive requirements." *Ringgold-Lockhart*, 761 F.3d at 1062 (*quoting De*

15 *Long*, 912 F.2d at 1147).

16          When district courts seek to impose pre-filing restrictions, they must:
         (1) give litigants notice and an opportunity to oppose the order before

17          it [is] entered; (2) compile an adequate record for appellate review,
         including a listing of all the cases and motions that led the district court

18          to conclude that a vexatious litigant order was needed; (3) make
         substantive findings of frivolousness or harassment; and (4) tailor the

19          order narrowly so as to closely fit the specific vice encountered.

20 *Id.* (internal quotations omitted).

21

When Defendants previously asked this Court for a pre-filing injunction, this Court denied that request and imposed Rule 11 Sanctions instead. *See Rosco v. Transunion, LLC*, No. 2:17-CV-86-RMP, 2018 WL 1692937 (E.D. Wash. Jan. 8, 2018). This Court held that the first two elements for a pre-filing injunction were met. *Id.* at *4. However, this Court found that Plaintiffs had not demonstrated a sufficient pattern of meritless litigation to justify a pre-filing injunction, or that the pre-filing injunction would be narrowly tailored to address Plaintiffs' wrongful behavior. *Id.* at *5. Instead, this Court found that filing fees and monetary sanctions were more appropriate deterrents at that juncture than imposing the more drastic pre-filing injunction. *Id.* In a separate order, this Court imposed just under $10,000 in sanctions against Plaintiffs. *Montgomery, Purdue, Blankenship & Austin, PLLC*, No. 2:17-cv-086-RMP ECF No. 20.

Despite the deterrent effect of filing fees and threat of additional sanctions, the Plaintiffs filed yet another lawsuit against Defendants within approximately seven months, and Defendants argue once again that a pre-filing injunction is appropriate. ECF No. 8 at 16–18; ECF No. 9 at 12; ECF No. 10 at 12–14. The Court is sympathetic to Defendants' argument. Defendants have spent a significant amount of time and money responding to Plaintiffs' lawsuits, and despite sanctions and repeated warnings from this Court, Plaintiffs continue their vexatious pursuit of Defendants. Additionally, Trans Union argues that Plaintiffs have threatened to file

another lawsuit against Trans Union in the Central District of California.  *See* ECF No. 8 at 16 n.11.

Nonetheless, a pre-filing injunction is a drastic measure.  "[T]he right of access to the court is a fundamental right protected by the Constitution."  *Delew v. Wagner*, 143 F.3d 1219, 1222 (9th Cir. 1998) (citing *Chambers v. Balt. & Ohio R.R. Co.*, 207 U.S. 142, 148 (1907)).  Pre-filing injunctions infringe on this important right.  This is why pre-filing injunctions are rarely granted.  *See Ringgold-Lockhart*, 761 F.3d at 1062.

For these reasons, the Court is careful about imposing any pre-filing injunction on Plaintiffs.  However, in this case, the Court finds that Plaintiffs have been relentless in their pursuit of Defendants Trans Union, Experian, and First Bank, filing repeated lawsuits in various jurisdictions, alleging the same facts, and despite having sanctions already imposed.  Accordingly, the Court imposes a pre-filing injunction against Plaintiffs Russell D. Rosco and Bonnie R. Rosco regarding **Defendants Trans Union, Experian, and First Bank**.

The Court notes that the first requirement to issuing a pre-filing injunction is to give the non-moving party notice of the injunction and an opportunity to oppose the injunction.  *Ringgold-Lockhart*, 761 F.3d at 1062.  Here, the Court is satisfied that the notice requirement is met.  The parties requested the pre-filing injunction in their motions to dismiss, which they filed several months ago.  Instead of responding to these motions, Plaintiffs filed a long, rambling motion to remand that failed to

address Defendants' arguments, as explained above.  ECF No. 18.  Additionally,

Plaintiffs were warned in the 2017 case that continuing their pattern of vexatious

litigation could result in the issuance of a pre-filing injunction.  *See Rosco*, 2018 WL

1692937, at \*4–5.  Despite all of this, Plaintiffs failed to respond to Defendants'

request for a pre-filing injunction.  The Court finds that Plaintiffs have had notice

and an opportunity to respond to the request for a pre-filing injunction.

**Plaintiffs may not file any more cases against Trans Union, Experian, and First Bank for any claims relating to the alleged conduct that started this litigation between the parties, specifically alleged violations of the Fair Credit Reporting Act in the management of Plaintiffs' credit accounts or subsequent actions by Trans Union, Experian, or First Bank in defending against Plaintiffs' claims**.  If Plaintiffs attempts to file future complaints against Defendants Trans Union, Experian, or First Bank regarding these credit accounts in the Eastern District of Washington, the Court will screen Plaintiffs' complaint to ensure that the complaint is not frivolous or repeating the same claims currently before the Court. This pre-filing injunction includes all claims relating to the prior litigation between Plaintiffs and the three Defendants, including claims about settlement agreements, defamation claims from statements in previous cases, or anything else relating to the prior litigation between the parties.  The Court will not impose any pre-filing injunction against Plaintiffs regarding Defendants Schuckit, Montgomery Purdue, or Scott Brady.  Additionally, Defendants may move for Rule 11 sanctions.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motions to Dismiss, **ECF Nos. 8, 9, 10, 13, & 19**, are **GRANTED in part**.

2. Plaintiffs' publication of private information claim and contractual claims against the settlements are all **DISMISSED WITH PREJUDICE**, and judgment shall be entered in favor of Defendants regarding these claims.

3. Plaintiffs' defamation claims against all Defendants are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

4. Any pending motions are denied as moot. Any hearing dates are stricken.

5. Defendants' Motion for a Pre-Filing Injunction is **GRANTED in part**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to counsel, and **close this case**.

**DATED** November 28, 2018.

_____*s/ Rosanna Malouf Peterson*_____
ROSANNA MALOUF PETERSON
United States District Judge
