FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 12, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RUSSELL D. ROSCO and BONNIE R. ROSCO, | NO: 2:18-CV-240-RMP |
| Plaintiffs, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| MONTGOMERY PURDUE BLANKINSHIP & AUSTIN, PLLC; SCHUCKIT & ASSOCIATES, PC; TRANSUNION, LLC; SCOTT BRADY; EXPERIAN INFORMATION SOLUTIONS, INC.; and FIRST BANK MORTGAGE, | |
| Defendants. | |

BEFORE THE COURT is Plaintiffs Russell D. Rosco and Bonnie R. Rosco's

Motion for Reconsideration, ECF No. 30. Plaintiffs ask this Court to reconsider its

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

order granting the motions to dismiss Plaintiffs' complaint filed by Defendants Montgomery Purdue Blankinship & Austin, PLLC ("Montgomery Purdue"), Schuckit & Associates, P.C. ("Schuckit"), Trans Union, LLC ("Trans Union"), Scott Brady, Experian Information Solutions, Inc. ("Experian"), and First Bank Mortgage's ("First Bank") (collectively, "Defendants"). ECF No. 28. The Court has considered the parties' briefings and the record, and is fully informed.

## BACKGROUND

This Court is very familiar with Plaintiffs from their multiple filings against Defendants before this Court. ECF No. 28 at 2–4 (detailing Plaintiffs' litigation history). The latest litigation attempt by Plaintiffs was a complaint alleging that Defendants were liable for defamation, publication of private information, and unjust enrichment. ECF No. 1-1. The Court dismissed Plaintiffs' complaint for lack of subject matter jurisdiction as to the defamation claims and barred by res judicata for the other claims. ECF No. 28. The Court also imposed a pre-filing injunction against Plaintiffs as to any future claims filed against Trans Union, Experian, and First Bank. *Id.* at 20.

Undeterred by this Court's numerous warnings to Plaintiffs regarding their vexatious litigation habits, Plaintiffs filed the present motion for reconsideration as to the Court's order dismissing Plaintiffs' complaint. ECF No. 30. They argue that the Court committed clear error when it allowed Trans Union to "benefit from the defamation of character by their attorneys," when it dismissed the publication of

ORDER DENYING MOTION FOR RECONSIDERATION ~ 2

private information claims, and by finding that there was no settlement agreement with Experian. *Id.* Plaintiffs also ask for sanctions against Experian. *Id.* at 3.

## LEGAL STANDARD

A motion for reconsideration under Fed. R. Civ. P. Rule 59(e) should not be granted, "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or . . . there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A litigant may not use a motion for reconsideration "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). In addition, "[a] motion for reconsideration cannot be used to ask the Court to rethink what the Court has already thought through merely because a party disagrees with the Court's decision." *Collegesource, Inc. v. Academyone, Inc.*, No. 08CV1987-GPC(MDD), 2015 WL 8482753, at *1 (S.D. Cal. Dec. 8, 2015).

"Granting a motion for reconsideration is a matter of judicial discretion and is considered to be an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *United States v. Bamdad*, No. CR 08-506-GW, 2017 WL 4064210, at *5 n.11 (C.D. Cal. May 3, 2017) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)).

# DISCUSSION

## *Plaintiffs' Arguments on Defamation, Publication of Private Information, and Res Judicata*

Plaintiffs argue that Trans Union is benefitting from the alleged defamation of Plaintiffs' character and that the publication of private information claim is not barred by res judicata. ECF No. 30 at 1.

First, the Court made no ruling on the merits of Plaintiffs' defamation claims against Defendants. As this Court held in its order, the Court has no subject matter jurisdiction over the defamation claims. ECF No. 28 at 8. Plaintiffs are free to bring the defamation claims against Defendants in a court with subject matter jurisdiction over the claims. The Court did not commit clear error as to the defamation claims.

Second, Plaintiffs argue that the res judicata ruling as to the publication of private information claims conflicts with the Court's prior order in a different case filed by Plaintiffs. ECF No. 30 at 1. Specifically, they argue that the Court dismissed their complaint from case number 17-CV-086 because the complaint "could not be amended to a state cause," but now dismiss their complaint from this case because the publication of private information claims are barred by res judicata. *Id.* at 2.

Plaintiffs misunderstand the Court's prior order. In the previous case, Plaintiffs argued that Defendants violated the Washington Consumer Protection Act ("WCPA") by publishing Plaintiffs' personally identifiable financial information.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 4

*Rosco v. Transunion, LLC*, No. 17-CV-086-RMP, 2017 WL 2945730, at *2 (E.D. Wash. July 10, 2017). The Court dismissed Plaintiffs' complaint because they failed to allege how Defendants committed an unfair or deceptive act or practice, as required to state a WCPA claim. *Id.* Further, the Court found that leave to amend the complaint would be futile because the complaint could not be saved by an amendment. *Id.* at *3. Therefore, the Court dismissed Plaintiffs' claims against Defendants. *Id.*

In this case, the Court dismissed Plaintiffs' publication of private information claims against Defendants as barred by res judicata created by the 2017 order. ECF No. 28 at 11–12. As the Court found in its order, res judicata bars claims that have been brought or could have been brought in previous cases. *Id.* at 11. Even though Plaintiffs did not bring publication of private information claims in their previous case, their claims under the WCPA were based on Defendants' alleged publication of personally identifiable financial information. *Rosco*, 2017 WL 2945730, at *2. Because the claims were based on the same underlying conduct, the claims were similar, and the new claims were barred by res judicata. ECF No. 28 at 12.

The Court does not find grounds to reconsider its ruling on the publication of private information claims.

***Plaintiffs' Claims Regarding a Settlement with Experian***

Plaintiffs argue that there is a settlement agreement with Experian that Experian violated for unjust enrichment. ECF No. 30 at 2. In its response, Experian

ORDER DENYING MOTION FOR RECONSIDERATION ~ 5

states that Plaintiffs are referring to an Indiana small-claims court settlement agreement with Plaintiffs from 2014. ECF No. 32 at 5.

The Court dismissed Plaintiffs' claims against Experian for unjust enrichment because Plaintiffs' complaint did not allege specific facts giving Experian fair notice of the claims against it. ECF No. 28 at 15. Without fair notice to Defendants and the Court, Plaintiffs' complaint cannot state a claim for which relief may be granted. Fed. R. Civ. P. 8(a); 12(b)(6). If the party who has the responsibility to make specific allegations of claims for relief, here the Plaintiffs, does not meet the requirements of Rules 8 and 12(b)(6), the Court must dismiss the complaint. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiffs' complaint in this case was so ambiguously worded that it was unclear whether a settlement even existed between the parties in the first place. *See* ECF No. 1-1 at 21. Now, Experian has submitted some evidence that a settlement exists between the parties, but that evidence was not previously part of the record and Plaintiffs did not sufficiently allege the existence of this settlement agreement to satisfy the standards of notice pleading. *See* ECF No. 33-1 at 5.[1] The Court's previous conclusion that there was not a settlement agreement between the parties was not the Court's error. It was lack of specific allegations made by Plaintiffs.

---

[1] The Court takes judicial notice of the small claims court docket because it is not subject to reasonable dispute. Fed. R. Evid. 201.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 6

Clear error is committed when the Court has a definite and firm conviction that a mistake has been committed. *McMillan v. United States*, 112 F.3d 1040, 1044 (9th Cir. 1997). Despite the Court's ruling as to whether a settlement agreement existed between the parties, the Court finds that it did not commit clear error when it dismissed Plaintiffs' claim against Experian because Plaintiffs failed to allege with necessary particularity the existence of the settlement agreement at that point in the proceedings.

"Unjust enrichment is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008). Essentially, unjust enrichment is the remedy for a party who performs services for another despite the absence of a contract. *Id.* Here, the existence of a settlement agreement between the parties show that there is a contractual agreement, and, therefore, unjust enrichment does not apply.

Even if unjust enrichment was an appropriate claim to bring in this case, Plaintiffs' complaint failed to allege the elements of unjust enrichment. A plaintiff's claim will be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*, 550 U.S. at 570. To succeed on an unjust enrichment claim, a plaintiff must prove (1) the defendant received a benefit; (2) the received benefit was at the expense of the plaintiff; and (3)

circumstances make it unjust to retain the benefit without payment. *Young*, 191 P.3d at 1262. Plaintiffs claimed that the settlement with Experian was unjust enrichment because of an alleged confidentiality clause in the settlement. ECF No. 1-1 at 22. This claim does not allege that Plaintiffs conferred a benefit to Experian or performed services for Experian at Plaintiffs' expense. *Young*, 191 P.3d at 1262. Therefore, Plaintiffs failed to properly allege an unjust enrichment claim and dismissal is still appropriate.

## CONCLUSION

Plaintiffs failed to show newly discovered evidence, clear error, or an intervening change in controlling law. *389 Orange St. Partners*, 179 F.3d at 665. Because Plaintiffs are not successful on their motion for reconsideration, the Court declines to issue sanctions against Experian. ECF No. 30 at 3.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Reconsideration, **ECF No. 30**, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to Plaintiffs and counsel.

**DATED** February 12, 2019.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge